**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Kevin Lapine,** | ) | **CASE NO. 1:16 CV 2119** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Materion Corporation,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant Materion Corporation's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 43). Plaintiff brings one claim for negligence against defendant Materion Corporation ("Materion") for an injury that occurred at one of its subsidiaries, Materion Brush Inc. ("Materion Brush"). This Court has diversity jurisdiction over this case. For the reasons that follow, Materion's motion is GRANTED.

**FACTS**

1. **Factual background**

At all relevant times, Plaintiff, who is currently a New York resident, was employed by Materion Brush, an Ohio corporation. (Compl. ¶ 3). Materion Brush owns the industrial plant in Shoemakersville, Pennsylvania, where Plaintiff worked. (*Id.* ¶ 6). Materion Brush is a wholly owned subsidiary of Materion, the defendant in this action. (*Id.* ¶ 9). Materion Brush has not been named as a defendant.

Plaintiff alleges that, on February 25, 2013, he was operating a machine in the plant's pickling department when his left arm was crushed due to the "dangerous, defective, and unsafe condition of the subject machine and/or the dangerous manner in which he had been directed to work." (*Id.* ¶ 35). Plaintiff further alleges that in 1997 and 2008, two other workers suffered similar injuries to their upper extremities by the same machine. (*Id.* ¶ 36).

Plaintiff brings one claim for negligence against Materion, claiming that the injuries to his arm were the direct and proximate result of Materion's failure to act with reasonable care to protect him. Plaintiff alleges that Materion provided instructions to the officers and directors of Materion Brush, controlled Materion Brush's operations, and provided on-site direction and safety training to workers at the Shoemakersville facility where he worked. (*Id.* ¶¶ 23-25). According to the complaint, the officers, agents, servants, principals, representatives, and employees of Materion were frequently present at the facility and had the authority to control the conditions under which employees worked and the manner in which they performed their work. (*Id.* ¶ 26). Plaintiff claims that Materion was aware that the machine at issue had caused two prior injuries, that the machine was defective and unsafe, and that workers had been directed to

2

work in a dangerous manner. Plaintiff claims that, despite this knowledge, Materion did not take any action to protect employees or change the manner in which they were directed to work even though it had the authority to do so. (*Id.* ¶¶ 39-43).[1]

### 2. **Procedural background**

Plaintiff originally filed his complaint in the Eastern District of Pennsylvania. Materion moved to dismiss for lack of personal jurisdiction and failure to state a claim. Following jurisdictional discovery, the court concluded that it lacked personal jurisdiction over Materion. In doing so, it rejected Plaintiff's "alter ego" theory, finding that he had "proffered no evidence demonstrating that Materion Corporation instructs its subsidiaries in any manner." *Lapine v. Materion Corp.*, No. 5:15-cv-00642, 2016 WL 3959081, at *5 (E.D. Pa. July 22, 2016). It also found that "Plaintiff has failed to demonstrate that the degree of control exercised by Materion Corporation over Materion Brush is greater than that normally associated with common ownership and directorship." *Id.* The court transferred the case to this Court and denied Materion's 12(b)(6) motion without prejudice to refile. After the case was transferred, Materion refiled its 12(b)(6) motion. Plaintiff opposes the motion.

### **STANDARD OF REVIEW**

When considering a motion to dismiss under Rule 12(b)(6), the allegations of the

---

[1] In his brief, Plaintiff cites and relies on a number of facts that are outside of the complaint. Because a motion to dismiss under Rule 12(b)(6) is directed solely to the complaint, when deciding the motion, "a court may consider only matters properly a part of the complaint or pleadings." *Armengau v. Cline*, 7 F. App'x 336, 343 (6th Cir. 2001). Thus, the Court will not consider the evidence that Plaintiff has submitted.

3

Case: 1:16-cv-02119-PAG  Doc #: 51  Filed:  12/02/16  4 of 9.  PageID #: 1086

complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999).  Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  However, the complaint must set forth "more than the bare assertion of legal conclusions."  *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).  Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*.  Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of "entitlement to relief."

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

**ANALYSIS**

A parent corporation cannot be held liable under the doctrine of respondeat superior for the negligent acts of its subsidiaries. *Thompson v. Superior Fireplace Co.*, 931 F.2d 372, 374 (6th Cir. 1991). A parent, however, may be held liable to its subsidiary's employees for its own, independent acts of negligence. *Id.* Although Plaintiff's complaint and response brief do not specifically articulate the theory under which he seeks to hold Materion directly responsible for his injuries, it appears that he is relying on the test set forth in Restatement (Second) of Torts § 324A, which is also referred to as the "Good Samaritan" doctrine.[2]

Section 324A provides:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

---

[2] Both of the cases that Plaintiff relies on in his brief involved the Good Samaritan doctrine. The parties did not engage in a choice of law analysis, but both Pennsylvania and Ohio courts apply § 324A. *Cantwell v. Allegheny Cty,* 506 Pa. 35, 41, 483 A.2d 1350, 1353 (1984); *Power v. Boles*, 110 Ohio App. 3d 29, 34, 673 N.E.2d 617, 620 (1996) (noting that, while the Ohio Supreme Court has not expressly adopted § 324A, it has cited the section with approval, as have several Ohio courts of appeals).

Plaintiff does not argue in his brief in opposition to Materion's motion to dismiss that Materion is liable to him under an alter ego theory. As noted above, after jurisdictional discovery, the Eastern District of Pennsylvania found that Plaintiff had failed to show that Materion is the alter ego of Materion Brush.

Restatement (Second) of Torts § 324A (1965). "[T]he threshold issue [under § 324A] is typically whether the defendant undertook to render services...to the plaintiffs or for the benefit of plaintiffs." *Merrill v. Arch Coal, Inc.*, 118 F. App'x 37, 44 (6th Cir. 2004) (quoting *Good v. Ohio Edison Co.*, 149 F.3d 413, 420 (6th Cir. 1998)). The plaintiff must then prove that the defendant acted negligently in carrying out that undertaking. *Good*, 149 F.3d at 420. With respect to safety matters, "[n]either mere concern nor minimal contact about [such] matters creates a duty to ensure a safe working environment for the employees of a subsidiary corporation." *Muniz v. National Can Corp.*, 737 F.2d 145, 148 (1st Cir. 1984) (holding that parent did not assume a duty toward its subsidiary by providing a general safety guideline to be implemented by local management).

In both of the cases that Plaintiff relies on, there was evidence that the parent corporation voluntarily undertook a duty to the subsidiary's employees by engaging in independent acts for the benefit of the employees. In *Merrill*, for example, where a roof at a mine collapsed and killed an employee, the parent corporation had sent an employee to the mine who inspected the roof and offered advice about roof control prior to the collapse. *Merrill*, 118 F. App'x at 44-45. Based on this evidence, the Sixth Circuit held that a reasonable jury could conclude that the parent voluntarily undertook "to advise [the subsidiary] on its specific roof control problems..., and that such an undertaking was for the benefit of miners like Merrill." *Id.*

Similarly, in *Johnson v. Abbe Engineering Co.*, 749 F.2d 1131 (5th Cir. 1984), an employee of the parent corporation inspected the area where the accident at issue occurred several times during the years preceding the accident. *Id.* at 1133. The court found that a reasonable juror could conclude that this inspection was for the purpose of ensuring that the

subsidiary was conforming to safety practices and procedures. *Id.* In addition, the parent's safety manager testified that he was responsible for reviewing and approving safety practices and procedures at the subsidiary and that he "expected his safety directives and suggestions to be followed and implemented." *Id.* The subsidiary's plant manager also relied upon the safety manager's representatives for accident prevention and safety training and followed any recommendations the manager made concerning safety. *Id.* at 1134. Based on this evidence, the court upheld the jury verdict imposing liability on the parent.

Unlike these cases, Plaintiff's claim that Materion owed him a duty of care is based on allegations of awareness and, at best, minimal contact regarding general safety matters. The complaint does not contain any facts plausibly showing that Materion voluntarily undertook to render services to Plaintiff or for the benefit of Plaintiff. Plaintiff alleges that Materion provided instruction and had the authority to control the conditions under which employees at the Shoemakersville facility worked, but authority and ability to control are insufficient to impose tort liability under § 324A. Plaintiff's allegations that Materion provided on-site direction and safety training to workers at the Shoemakersville facility where he worked are also insufficient. (*Id.* 23-25). Unlike in *Merrill*, Plaintiff does not allege that this training was related to the specific machine that caused his injuries. Nor does he allege that Materion made any specific training or safety recommendations that it expected Materion Brush to rely on. In fact, after Plaintiff had an opportunity to conduct jurisdictional discovery, the Eastern District of Pennsylvania found that he was nevertheless unable to produce any evidence at all that Materion instructs its subsidiaries "in any manner." *Lapine*, 2016 WL 3959081, at *5.

Significantly, Plaintiff's allegations regarding the training and instruction that Materion

7

allegedly provided to Materion Brush appear only in the "Personal Jurisdiction" section of his complaint. In the section of the complaint entitled "Events Giving Rise to the Cause of Action," it is clear that Plaintiff's claim of negligence is based on Materion's *inaction*. He alleges:

> 42. Materion *took no action* after either one of the prior accidents to protect others, including Mr. LaPine, from the dangerous, defective, and unsafe condition of the subject machine, despite having the authority to do so.
>
> 43. Materion *took no action* after either one of the prior accidents to change the manner in which workers at the subject facility, including Mr. Lapine, were directed to work, despite having the authority to do so.

(Complaint ¶¶ 42-43) (emphasis added). Similarly, Plaintiff's allegations in "Count I - Negligence" are based on Materion's awareness of the allegedly defective and unsafe condition of the machine and failure to do anything to protect the employees from the machine. (*Id.* ¶¶ 45-46). Plaintiff's allegations of inaction directly undermine his claim of Good Samaritan liability. Allegations that "merely attempt to illustrate how [the parent] failed to exercise reasonable care ... by failing to ensure adequate safety precautions were taken [at the subsidiary] fail to address the threshold question of tort liability [under § 324A], that is, whether [the parent] even owed a duty of reasonable care to [the subsidiary's] employees with respect to workplace safety." *Richmond v. Indalex Inc.*, 308 F. Supp. 2d 648, 663 (M.D.N.C. 2004).

Even assuming that Plaintiff had adequately pled that Materion undertook to render services for his benefit, he has wholly failed to allege that Materion then acted negligently in carrying out that undertaking. Plaintiff's Good Samaritan claim appears to be based on Restatement § 324A, subsection (a), which requires him to prove that Materion's failure to exercise reasonable care increased the risk of harm to him. Under subsection (a), he must show that Materion's negligence increased the risk to him "over what it would have been had the

8

defendant not engaged in the undertaking at all." *Good*, 149 F.3d at 421. Plaintiff's claim that Materion did nothing to protect him from the allegedly dangerous machine does not allow the plausible inference that Materion's actions increased the risk of harm.[3]

Because Plaintiff has not alleged any independent acts of negligence by Materion that resulted in his injury, the complaint fails to state a plausible claim against Materion. Plaintiff argues that he should be able to "explore through full liability discovery" whether his claim has any factual support. (Pl.'s Br. in Opp. at 8). Plaintiff is not entitled to such discovery. "[W]hen a plaintiff files a complaint that fails to state a claim as a matter of law, he cannot complain that he is entitled to discovery to state his claim." *McCants v. Tolliver*, No. 1:11 CV 0664, 2011 WL 2893058, at *6 (N.D. Ohio July 15, 2011). "In the absence of a cognizable claim, [a] [p]laintiff has no right to any discovery." *Id.*

**CONCLUSION**

For the foregoing reasons, Defendant Materion Corporation's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 43) is GRANTED.

IT IS SO ORDERED.

                                                   /s/ Patricia A.Gaughan
                                                   PATRICIA A. GAUGHAN
Dated: 12/2/16                      United States District Judge

---

[3] To the extent plaintiff relies on § 324A, subsections (b) and (c), he does not allege that Materion undertook to perform Materion Brush's duty to protect its employees, or that plaintiff suffered harm because of reliance on Materion's actions.